GLADNEY, Judge.
This case was submitted to a jury entirely on the question of the amount to *537 be awarded plaintiff as a result of her injuries received in an automobile accident, the defendants having admitted fault on the issue as to negligence. There was a verdict by the jury in favor of plaintiff in the amount of $2,217.31, which sum included special damages to plaintiff’s automobile and medical expenses totaling $317.-31. Mrs. Ruth N. Mitchell, the plaintiff herein, has appealed for the purpose of having the award for personal injuries increased, and the defendants B. M. Pierce and his insurer, Central Mutual Insurance Company, have answered the appeal for the purpose of having the award reduced.
Mrs. Mitchell was injured on October 4, 1957, at about 7:30 o’clock P.M. while driving to Summer Grove in Caddo Parish, for the purpose of attending a wedding. She had stopped her car on the highway with the intention of executing a left turn when it was struck from the rear by a truck driven by the defendant, Pierce. The force of the collision was such it caused the Mitchell vehicle to reverse its position on the highway. Appellant testified that when her car was struck she heard her neck “pop” and she was somewhat dazed, but got out of the car for the purpose of surveying the damage and having a discussion with Mr. Pierce. Her automobile was not so badly damaged as to prevent her from proceeding in it to the wedding and thereafter returning to her residence. She said she suffered no immediate ill effects until the second or third day when her neck became sore and continued to be so. On October 11th she made a professional call on Dr. S. W. Boyce.
She testified that since the accident she has suffered a constant nagging pain at the base of her neck and upon extreme rotation of her neck she feels acute pain. Her distress appears to be worse at times and weather conditions affect it. She related that her neck condition interferes with her sleep and rest and has affected her nervous condition. Mrs. Mitchell conceded that notwithstanding the injury to her neck, she has not missed any time from her employment at J. C. Penney Company in Shreveport, where she sells drapery material, nor has she given up the performance of her housework. She said because of her pecuniary condition she was not able to be absent from her work although at times she felt she should not be working.
Testifying as to the extent and nature of plaintiff’s injury were Dr. S. W. Boyce, a general physician, and Drs. Ed C. Simon-ton and Willis J. Taylor, orthopedic specialists.
Dr. Boyce testified he had been Mrs. Mitchell’s physician for the past two years; that she first came to him following the accident on October 11, 1957; and that he has treated and examined her on a number of occasions since that date. He stated his examination of October 11th was thorough with X-rays taken of the cervical spine and he concluded at that time the patient had sustained a brain concussion, nervous shock and a whiplash injury of the neck, as a result of the accident of October 4th. His X-ray findings were entirely negative and the only objective symptom observed was a stiffness and rigidity of the neck. He described a whiplash injury as one in which there is a sudden jerking of the head in an automobile, usually when struck from behind, and in which the patient’s head is thrown violently backward and then violently forward. Many of these injuries, he stated, recover with no after effects in a period of three or four months. Others are permanent. As a result of his several examinations Dr. Boyce expressed his opinion that the prognosis of Mrs. Mitchell’s condition is indefinite and that she has sustained a twenty per cent permanent partial disability of the body as a whole. The latter conclusion was predicated on his belief that the accident had caused a tearing of the tissues of the neck which had become healed and covered with scar tissue with resulting torn nerves. The witness further opined plaintiff may have been affected by aggravation of an arthritic *538 condition of the neck, which, although not shown on his X-ray pictures, was to be found on those taken by Drs. Simonton and Taylor. Dr. Boyce had prescribed as treatment for Mrs. Mitchell’s neck, doses of sodium salicylate and massages.
Dr. Simonton had occasion to see Mrs. Mitchell on one occasion only, March 17, 1958, at which time the patient was present only for the purpose of examination, not of treatment. A complete orthopedic examination was given and X-ray pictures taken, indicating spurring on the posterior inferior surface of the body of the fifth cervical vertebra, which had produced hy-pertrophic arthritis. His findings were otherwise negative except that upon palpation and pressure with his fingers tenderness was indicated at the base of the neck and over the spines of the midcervical vertebrae; also pain was produced only at extremes of all motions or rotation of the head. He found that pain was not produced except where the head had been rotated from sixty to seventy-five degrees. He considered these findings essentially subjective in character forasmuch as he observed no evidence of muscle spasm. His conclusion was that plaintiff had a permanent partical disability of five per cent which he attributed entirely to the arthritic condition. He said it was impossible for him to testify that the arthritic condition has been aggravated by reason of the accident as such aggravation could be ascertained only by a study of its progress over a period of time, and consequently his one examination and one set of X-rays did not afford him a basis for an opinion.
Dr. Willis J. Taylor was appointed by the court with instructions to examine the condition of Mrs. Mitchell. He made but one examination and that was made on April 18, 1958. The examination so made was a thorough orthopedic examination and resulted in practically the same X-ray findings as those of Dr. Simonton. Otherwise, his findings were negative. His conclusion was that plaintiff’s complaints were largely subjective in character, as evidence of injury or disability was lacking at the time of the examination.
Our study of the evidence of disability and injury as described in the record has caused us to conclude, first, that undoubtedly Mrs. Mitchell sustained a whiplash injury which, at the time of trial, was by no means demonstrable through objective signs or symptoms; and, second, that the injuries sustained by her were not severe enough to prevent her from regularly attending to her work at J. C. Penney Company and continuing to do her housework. For these reasons we are of the opinion the verdict as rendered by the jury does substantial justice to the parties, and is neither excessive nor inadequate.
The attorneys for both sides have cited a number of cases reflecting upon the question of quantum. None of these decisions changes our views as to the correctness of the verdict as determined by the jury, which, for reasons as above stated, we do not believe should be altered. Counsel for appellant have in their brief requested that the expert witness fee allowed by the trial court to Dr. Simonton be increased from $50 to $100 and have cited a number of pertinent cases decided by the Orleans Court of Appeal, in which similar allowances were recognized by the appellate court. This court has on occasions in the past refused to depart from the expert fees as fixed by the trial judge. Here we find no injustice has been done and the fee as fixed appears to be more or less in line with the standard established in the court from which this appeal arises. Therefore, we decline to make the requested change.
The record discloses that after the trial was concluded, and prior to this appeal being taken, the defendants deposited with the Clerk of Court a sum to cover the payment of plaintiff’s judgment and all accrued costs. Because of this fact, together with the fact that we have declined to increase the judgment of the appellant, *539 we are of the opinion that plaintiff should he assessed the cost of this appeal.
The judgment from which appealed will he affirmed, appellant to be assessed the cost of this appeal and appellees all other ■costs.