SAVOY, Judge.
This suit was filed by Mrs. Helen Rachal Martin and her husband, Wilton Martin, against the liability insurer of Raymond Foster, United States Fire Insurance Company, and the liability insurer of the car driven by Darcy C. Hay, Connecticut Fire Insurance Company, for personal injuries which Mrs. Martin received as a result of a collision which occurred at the intersection of Louisiana Highway 71 and the Clear Lake Road in Campti, Louisiana, between vehicles driven by Mrs. Bobby Foster and Darcy Hay. Plaintiff was a guest passenger in the automobile driven by Mrs. Foster.
The district judge rendered judgment in favor of plaintiffs and against defendants in solido in the sum of $3,500 in favor of Helen Rachal Martin, and in favor of Wilton Martin in the sum of $733.39 for medical expenses and $560 for loss of wages by Mrs. Martin.
From the judgment of the district court the liability insurers of Mrs. Foster and *278 Darcy Hay appealed. Plaintiffs answered the appeal asking that the award be increased from $3,500 to $6,000, and asked that this Court render judgment in favor of plaintiff, Wilton Martin, against United States Fire Insurance Company, the insurer of Raymond Foster, in the sum of $799.39 for medical expenses incurred by him for treatment of his wife, Mrs. Helen Rachal Martin.
There was conflicting testimony as to the manner in which the accident occurred. An examination of the record convinces this Court that the proximate cause of the accident was the negligence of Mrs. Bobby Foster in attempting to negotiate a left-hand turn at the intersection without keeping a proper lookout, and the negligence of Darcy Hay in attempting to pass Mrs. Foster at said intersection, in violation of LSA-R.S. 32:233, Subsection E., which provides:
“The driver of a vehicle shall not, under any circumstances, overtake or pass another vehicle proceeding in the same direction at any railroad grade crossing or any intersection of the highway, unless permitted or instructed to do so by a duly authorized traffic or police officer.”
The next matter for determination by the Court is the quantum of damages to which Mrs. Martin is entitled for the injuries sustained in the accident and for the alleged loss of wages.
. Mrs. Martin was examined by four medical doctors, namely, Dr. W. H. Pierson, Dr. F. C. Boykin, Dr. Heinz K. Faludi, and Dr. Willis J. Taylor.
Dr. Pierson saw Mrs. Martin shortly after the accident occurred on August 16, 1959. In his testimony he stated that he saw her on the 15th of August, but we feel sure that she was actually seen on the 16th of August, 1959, since that was the day of the accident. He stated that he did not consider her injuries too severe and let her return to her home and that she returned to his office a few days thereafter complaining of headache, dizziness and pain in the region of the neck and shoulders. Mrs. Martin was seen by the doctor until sometime in September at which time she was hospitalized. Dr. Pierson had X-rays made of Mrs. Martin, and the films did not reveal anything abnormal about her condition. She returned to the doctor and was hospitalized a total of three different times. She was seen again by Dr. Pierson on November 1st, again on November 15th, and twice in December, 1959. She returned to the doctor in February, 1960, and again on March 17, 1960, prior to the trial of this case. Dr. Pierson stated that his findings were limited to the patient’s complaints and that he made no real objective findings.
Dr. Boykin saw Mrs. Martin on August 19, 1959, and treated the neck for pain. X-rays of the neck did not disclose any evidence of break or dislocation. The doctor was of the opinion that aside from local discomfort in the cervical musculature, the patient’s examination was entirely within normal limits. He found that there was no evidence to indicate any cord damage or cervical nerve root irritation. The tenderness of the greater optical nerve was secondary to cervical muscular spasm. He recommended application of heat at home and the wearing of a cervical collar when ambulatory. The doctor thought that Mrs. Martin had received a mild whiplash injury.
Dr. Faludi testified that Mrs. Martin was admitted to the hospital in Shreveport on September 13, 1959, and that he saw her because Dr. Boykin was out of town. Dr. Faludi is a specialist in neurosurgery. He found that Mrs. Martin had been wearing the neck collar prescribed by Dr. Boykin and had obtained relief from it. He found on this examination moderately severe tenderness in the entire cervical spine region. The patient complained of neck pain in-movement of the neck. The doctor found that the motions of the cervical spine were diminished about 30 per cent of normal in. *279 extension, 40 per cent of normal in right bending and 30 per cent of normal in left bending. He could find no muscular atrophy. He felt that the patient was quite emotional. He concluded that she had suffered from a whiplash injury. Dr. Faludi saw Mrs. Martin on two other occasions and on the first visit felt that she had improved, and on the last visit felt she had recovered. Mrs. Martin was again referred to Dr. Faludi on November 27, 1959, for a check-up examination. On this examination the doctor prescribed wet compresses to the neck and medicine to relieve her. Dr. Faludi stated that he saw the patient for the last time on January 13, 1960, and stated that she was feeling quite well and felt that she had recovered from her symptons. She stated that she had resumed her housework and that she had resumed dancing. It was the doctor’s opinion that the patient had minimal residual from her injury, consisting of minor tenderness to the neck and slight limitation of motion.
Dr. Willis J. Taylor, an orthopedic specialist, examined Mrs. Martin on November 19, 1959, at the request of counsel for one of the insurance companies. He found no objective evidence of any injury. The X-rays revealed no disability. He found that her movements were within normal range and that she had no muscle spasm.
Counsel for Mrs. Martin cited the cases of Baker v. United States Fire Insurance Company, La.App., First Circuit, 1956, 89 So.2d 405, Bartholomaus v. H. G. Hill Stores, Inc., La.App., Orleans, 1957, 97 So.2d 82, Harvey v. Great American Indemnity Company, La.App., Second Circuit, 1958, 110 So.2d 595, Pelt v. Home Indemnity Company et al., La.App., First Circuit, 1960, 118 So.2d 148, Fisher v. Norwich Union Fire Insurance Society, Ltd., La.App., First Circuit, 1960, 119 So. 2d 562, and Downs v. Hartford Accident and Indemnity Co., La.App., Second Circuit, 1959, 116 So.2d 712.
Counsel for Connecticut Fire Insurance Company on the other hand cited the cases of Mitchell v. Pierce, La.App., Second Circuit, 1958, 106 So.2d 536, and Lawrence v. Great American Indemnity Company of New York, La.App., Second Circuit, 1958, 107 So.2d 338.
In the Baker v. United States Fire Insurance Company case, supra, the Court found that plaintiff was suffering from a 15 per cent permanent disability and made an award of $5,600.
In the case of Bartholomaus v. H. G. Hill Stores, Inc., supra, the Court found that plaintiff had considerable suffering. Dr. Nix treated plaintiff on fifty different occasions. Dr. Lenoir, an orthopedic surgeon, to whom the court accorded great weight for the reason that he was the only orthopedic specialist to examine the patient, found that the active motion in the neck was restricted about fifty per cent and that recovery would take from nine to eighteen months. The Court awarded plaintiff $6,-000.
In Harvey v. Great American Indemnity Company, supra, the court found that plaintiff had pain and suffering for approximately one year after the accident. An award of $4,000 was made.
In the case of Pelt v. Home Indemnity Company, supra, the court awarded plaintiff $7,500. The court found that the whiplash injuries were minor, but in this case plaintiff received general lacerations, bruises and contusions, with a large and painful hematoma on the wall of the abdomen, a separation of two ribs, the whiplash injury mentioned before, together with injuries to muscles, ligaments and soft tissues of the lower back.
In Fisher v. Norwich Union Fire Insurance Society, Ltd., supra, the court found that plaintiff had sustained as a result of the accident a fairly painful and disabling aggravation of a preexisting arthritic condition, which was limited in *280 duration to five months. Plaintiff was awarded $4,000.
In Downs v. Hartford Accident and Indemnity Co., supra, plaintiff was never hospitalized nor was he placed in traction nor did he wear a collar brace, but had suffered considerable discomfort for a period of nine months up to the day of the trial, and according to the medical testimony he would continue to have discomfort from four to six months longer. Pie was given $3,000.
In Mitchell v. Pierce, supra, cited by counsel for Connecticut Fire Insurance Company, the jury awarded plaintiff $2,217.-31. The court concluded that plaintiff suffered a whiplash injury, but that the injury sustained by her was not severe enough to keep her from regularly attending to her work at J. C. Penney Company and continuing to do her housework.
In the other case cited by counsel for Connecticut Fire Insurance Company, Lawrence v. Great American Indemnity Company of New York, supra, the court awarded $3,500 to plaintiff who sustained a moderately severe whiplash injury which resulted in her confinement in the hospital for some twelve days and was totally incapacitated for an additional term of some six or seven weeks, and who the doctor estimated would continue to suffer for approximately a year following the occurrence of the accident.
In the recent case of Dowies v. Traders and General Insurance Company, La.App., Third Circuit, 1960, 124 So.2d 610, we awarded plaintiff the sum of $2,500. Plaintiff was injured on November 14, 1958, and sustained a spraining injury to the cervical spine, or a so-called whiplash injury. The examining physician felt that plaintiff would be free from symptoms within six months from March 30, 1950, or a period of about ten months.
In this case, according to the testimony of the orthopedic surgeons, plaintiff had recovered from her whiplash injury in five months from the time of the accident.
After reading all the cases cited; herein and the case of Dowies v. Traders- and General Insurance Company, supra, we believe that the award made by the trial judge was excessive and should be reduced, to the sum of $2,500.
Mr. Martin sued on behalf of the community for loss of earnings by Mrs. Martin. Mrs. Martin and Mr. Martin testified, she had been working for a Mr. Bass, earning $28 per week.
Counsel for United States Fire Insurance Company had the district court issue a subpoena duces tecum for the income tax records for Mr. and Mrs. Martin, for the year 1959. The income tax records-show that Mr. Martin did not include in his 1959 return any wages which it is-alleged Mrs. Martin received for that year. The alleged employer of Mrs. Martin was not called upon as a witness to testify as-to her employment and the amount of wages received by her prior to the accident. We only have the testimony of plaintiff husband and wife that she was earning $28 per week and that she lost, as found by the trial judge, twenty weeks, or $560. We feel that this item has not been proven-with that certainty required by law, and we are non-suiting this item for wages on behalf of Mrs. Martin.
Plaintiff husband also sued for medical expenses and hospital bills and travel’ expenses incurred as a result of the accident. Counsel for United States Fire Insurance Company objected to the allowance of the following items :
Dr. Boykin-$ 45.00
Blanchard Funeral Home- 35.00
Dr. H. K. Faludi_ 60.00
Shumpert Memorial Sanitarium- 31.50
Travel expense to Shreveport- 40.00'
Counsel contended in his brief that the bills of Dr. Boykin, the Blanchard Funeral Home and the Shumpert Memorial Sanitarium, totaling $111.50, should not be allowed because they were unnecessary ex *281 ■penses caused by one of plaintiff’s family’s whims. The record reveals that Mrs. Martin was referred to Dr. Boykin by her regular physician, Dr. Pierson. We believe that these bills are proper and should be paid by defendants.
Counsel next complained of the sum of ■$40 listed as travel expenses to Shreveport, Louisiana, which was allowed by the trial judge. We believe this item is reasonable •and should be allowed.
Counsel for United States Fire Insurance Company complained of the fact that the lower court awarded expert fees of $50 each to Dr. W. H. Pierson, Dr. F. C. Boykin and Dr. Heinz K. Faludi. Counsel contended that no fee should be allowed these physicians if the court finds they treated and attended Mrs. Martin. Counsel contended further that the three above named physicians did treat the plaintiff and .are therefore not entitled to a fee for :giving testimony. In support of this position, counsel cited the case of Cavalier v. Nola Cabs, La.App., Orleans, 1957, Inc., 96 So.2d 102. We are of the opinion that the treating physician, if he is called and testifies as an expert, is entitled to an ex-oert fee for testifying at the trial or by deposition. Any charges which the physician may make for his services in treating the injured person should not be included in the expert fee allowed, although the amount of such charges may be claimed by a party to the suit as additional damages.
Plaintiff stated in his answer to the appeal that the policy of insurance issued by United States Fire Insurance Company covering the Raymond Foster vehicle contained a provision providing for the payment of medical expenses of anyone injured while riding in the said vehicle. The evidence disclosed that Mrs. Martin was injured in this accident while a guest passenger in the Foster vehicle. The policy issued on the Foster car contains the provision set forth by counsel for plaintiff. Accordingly, United States Fire Insurance Company is indebted to plaintiff, Wilton Martin, for the amount expended by him for medical expenses incurred in connection with the injury sustained by his wife in this accident. Distefano v. Delta Fire and Casualty Company, La.App., 98 So.2d 310; Bordelon v. Great American Indemnity Company, La.App., 124 So.2d 634, 639; Dumas v. United States Fidelity and Guaranty Company, La.App., 125 So.2d 12, 21. Plaintiff asked for the sum of $799.39, but an examination of the record reveals that he only sued for $693.39. This amount has been proven, and he cannot recover any more than he asked for in his suit.
For the reasons assigned, the judgment of the district court is amended so as to reduce the award to plaintiff, Mrs. Helen Rachal Martin, from the sum of $3,500 to $2,500, and to reduce the award made by the trial judge to Wilton Martin from $733.39 to $693.39, and by granting plaintiff, Wilton Martin, judgment against United States Fire Insurance Company in the sum of $693.39, and by non-suiting the claim of Mr. Martin for loss of his wife’s wages suffered because of the accident, and in all other respects the judgment of the district court is affirmed at defendants’ costs.
Amended and affirmed.