REID, Judge.
This is a suit for damages and personal injury arising out of an automobile accident which occurred on February 20, 1962 at the corner of Goodwood Avenue and Audubon Avenue in the City of Baton Rouge, Louisiana. Mrs. Virgie Hazel Cole, driving a Chevrolet automobile owned by her daughter, plaintiff Mrs. Dorothy Ann Safer, had a collision with a Pontiac automobile being driven by defendant Joseph V. Gilbert.
Mrs. Safer prays for damages to her vehicle in the sum of $400.00 and Mrs. Cole prays for damages in the amount of $31,-000.00 for personal injuries and special damages.
In this case the award of damages is the sole issue before this Court. Conceding the negligence of defendant, Joseph V. Gilbert, in causing the vehicular collision, defendants Gilbert and his insurer, Continental Casualty Company, appeal for a reduction in the judgment of the Trial Court awarding plaintiff, Mrs. Virgie Hazel Cole $4500.00 *431 for personal injuries received in the collision. Plaintiffs, Mrs. Cole and her daughter, Mrs. Dorothy Ann Safer, whose automobile was damaged in the collision, answered the appeal praying that Mrs. Cole’s award b'e increased to $20,000.00 and an award of $100.00 in Mrs. Safer’s favor be increased to $400.00.
In their brief before the Court the appellants seemed to have abandoned their contention that the accident was caused by the negligence of Mrs. Cole, or that she was guilty of contributory negligence, and the only specification of error was the award of $4500.00 for personal injury was excessive and should be reduced.
Plaintiffs’ medical evidence consisted of testimony from Dr. V. P. Bella, a general practitioner in the City of Baton Rouge, Mrs. Cole’s family physician. His testimony as summarized in his statement filed in the record is as follows:
"Summary ■ — • Diagnosis — Prognosis: Mrs. Hazel Cole was first treated by me in my office February 20, 1962, after being involved in an automobile accident on that day. Mrs. Cole, at first, had multiple complaints, was in a severe state of shock, suffered — I would call a whiplash injury of the neck. Later on she developed severe gastritis, which I feel was due to the apprehension and the nervousness caused by the wreck, although Mrs. Cole has had some stomach' trouble in the past. Mrs. Cole made a slow, but steady, recovery and at the last official visit for this particular illness in August, 1962, she was doing very well. The last time I saw Mrs. Cole in the office was January 11, 1963, when I treated her for an arthritic condition. At that time, Mrs. Cole stated her stomach was not giving her any trouble. I feel that Mrs. Cole’s disability extended for six (6) months. At that time, she was totally disabled and I feel that up until this past January, Mrs. Cole was partially disabled.”
Mrs. Cole in her testimony stated the doctor’s report was correct. She testified she was still suffering headache occasionally, mainly when she did not follow her diet, and then it was necessary for her to take darvon to obtain, relief.
Counsel for appellants cite several cases where lesser damages were awarded for injuries similar to those suffered by Mrs. Cole. See Matthews v. Marquette Casualty Company, La.App., 152 So.2d 577; Pickett v. Norwich Union Fire Insurance Company, La.App., 119 So.2d 566; Martin v. U. S. Fire Insurance Company, La.App., 129 So. 2d 277; Cassreino v. Brown, La.App., 144 So.2d 608; Hilton v. Bankers Fire & Marine Insurance Company, La.App., 134 So. 2d 82.
Counsel for plaintiffs cite numerous cases where awards were rendered in excess of the amount herein.
The Lower Court relied to a large extent on the holdings in the following three cases: Madison v. Southern Farm Bureau Casualty Insurance Company, La.App., 120 So.2d 342; Dark v. Brinkman, La.App., 130 So.2d 463; Tresche v. Calloway, La.App., 147 So. 2d 255.
We quote from the written reasons of the Trial Judge:
“In the Madison case plaintiff developed a serious kidney ailment shortly after the accident. The medical evidence clearly indicated that this ailment was precipitated by the accident. In that case the appellate court increased the award of the trial court from $4,000 to $6,000. In my opinion the injuries in that case we're more serious, the pain and suffering more • severe, and the residual disability greater, than are found -in the instant case.
“In the Dark case the court found that plaintiff had suffered a cervical strain and an aggravation. of a preexisting rheumatoid condition, with a permanent disability of from 5% to *432 10%. The appellate court in that case reduced the award from $7,000 to $4,-000. However, Judge Tate, who wrote the opinion, stated that he did not feel the trial court award was manifestly excessive but did yield to the opinion of the other members of the court in reducing it. In my opinion the injuries, the pain and suffering, and the residual disability in that case were somewhat greater than in the instant case.
“In the Tresche case the plaintiff, a policeman, sustained scalp lacerations, a back injury, and fractures of the transverse processes of his cervical spine. He was hospitalized for nine days but was able to return to work in about four months. The award in that case was $3,750. * * * In my opinion the instant case is somewhat more serious than the Tresche case.
“The evidence here shows that Mrs. Cole’s initial injuries were not of a very serious nature, but that shortly after the accident she had episodes of actué gastritis which were unquestionably brought about as a result of the accident and which necessitated her being confined to the hospital for at least nine days. During the first three or four days of her hospitalization, the administering of narcotics to her was found necessary. She was also placed in traction while in the hospital, although Dr. Bella testified that he would not have hospitalized her for that purpose alone.
“The evidence shows that Mrs. Cole was totally disabled for some six months and partially disabled for approximately the same length of time. She was placed on a strict diet, which she is still required to observe. Although there are no objective findings to substantiate her complaints, she does complain of limitation of motion in the cervical spine and of discomfort in that connection.”
Mrs. Safer produced no expert testimony in support of the value of the car. She did testify she received from her collision insurer the book value of the car, $654.29, less the $100.00 deductible which made her settlement $554.29. She testified in regard to the $300.00 claim that this represents the balance she had to pay on a rebuilt motor which was installed in the car a short time prior to the accident and this amount was over and above the book value of the car.
There is no question Mrs. Safer settled for and received the book value of the car at the time of the accident from the insurance company, less the deductible. The fact that she still owed some $295.00 or $300.00 balance on the rebuilt motor does not increase the value of the car which was destroyed in the accident, and she is only entitled to receive the value of the car. We hold, therefore, there is no error in the Trial Judge’s ruling.
In their supplemental brief plaintiffs cite the case of Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149. In this case the Supreme Court held:
“The primary question before the appellate court, then, is whether the judge or the jury in fixing the amount of the award has abused this great discretion vested in them by law. If for the purpose of uniformity the amount of the award is to be determined and fixed within certain limits- — a maximum and a minimum based on prior adjudicated cases — , the discretion vested by the Code in the judge or the jury may be destroyed or at least stringently curtailed. In view of our codal provision, the appellate courts should consider the amounts of awards in other cases only so far as they are relevant to the question of whether the judge or the jury has abused its discretion in fixing the award in the case under consideration.”
We fail to see where the Judge of the Lower Court has abused his discretion in *433 fixing the awards in this case and therefore the judgment of the Lower Court is affirmed.
Affirmed.