FRUGÉ, Judge.
This is an action in tort for personal injuries instituted by plaintiff against Edward Vige for injuries, medical expenses, and for damages to his automobile. The above injuries and damages were the result of an intersectional collision which occurred in the city of Crowley, Louisiana, at the intersection of Ash Street and Avenue L. Judgment was rendered December 3, 1962, with written reasons assigned, in favor of defendant and plaintiff has appealed to this court.
In the early afternoon of May 23, 1961, plaintiff was driving a 1952 Mercury automobile in an easterly direction on Ash Street while defendant was driving a 1957 Pontiac automobile in a northerly direction on South Avenue L. There are no traffic controls or stop signs at the intersection of these two streets, however, by City Ordinance, Ash Street is a right of way street over Avenue L. The speed limit at the place of the accident is also fixed by City Ordinance at 25 miles per hour.
The trial judge, in his written reasons for judgment, found plaintiff guilty of contributory negligence in not avoiding the collision after seeing the defendant approach the intersection. This question of contributory négligence is the sole issue before this court on appeal.
The defendant testified that, prior to entering the intersection, he was traveling at *65 a speed of about 25 miles per hour and that he slowed his vehicle as he approached the intersection. Plaintiff testified that immediately preceding the accident he was traveling at a speed of 20 to 25 miles per hour. Thus, accepting both plaintiff’s and defendant’s testimony as true, neither was driving at an excessive rate of speed.
The record discloses that the front of plaintiff’s automobile struck defendant’s vehicle in the center and towards the rear. Thus, defendant entered the intersection before plaintiff. Additionally, the witnesses who viewed the scene of the accident testified that neither driver had a completely unobstructed view, since there is a house located on the southwest corner of the intersection. It was estimated by these witnesses that the house was set back about 12 to 15 feet from the corner. There is also a small tree on this corner. Each driver, therefore, could have seen the other approaching before entering the intersection; although it is obvious that neither could have observed the other until they had almost reached the intersection. In this regard, plaintiff testified that he saw defendant’s automobile when he was 8 to 10 feet from the intersection. Defendant, on the other hand, testified that he never saw plaintiff’s automobile until immediately before the collision.
In the recent decision of Benoit v. Vincent, La.App., 132 So.2d 75, this court announced :
“The driver with the right of way is ordinarily entitled to proceed towards and into the intersection upon the assumption that inferior traffic will respect his superior right to proceed, unless he should reasonably realize in time to avoid an accident that the inferior traffic will continue into the intersection in disregard of the right of way.” (Numerous citations omitted.)
In the case at bar, plaintiff was entitled to proceed into the intersection unless he should have realized in time to avoid the accident that defendant was not going to respect his right of way. Defendant, by his own testimony, admitted that he was not speeding as he approached the intersection. He further admitted that he slowed his vehicle as he approached the intersection and looked to his left and right but did not see plaintiff’s automobile approaching. Certainly these were not actions on the part of the defendant that should have caused plaintiff to believe that defendant was going to disregard his right of way. Considering these actions of the defendant and the physical layout of the intersection, in particular the house on the southwest corner, we are of the opinion that plaintiff could not have reasonably foreseen that defendant was not going to respect his right of way. Therefore, plaintiff was not guilty of contributory negligence. See Henderson v. Central Mutual Ins. Co., 238 La. 250, 115 So.2d 339; McCoy v. State Farm Mut. Ins. Co., La.App., 129 So.2d 66.
It was stipulated by all parties to this suit that plaintiff sustained damages to his automobile in the amount of $300 and incurred medical bills in the amount of $145. Therefore, plaintiff is entitled to recover these amounts.
It was further stipulated by all parties to this suit that Dr. J. W. Faulk, Sr., if called to testify, would testify in accordance with Exhibit P-1. (Tr. 16.) Exhibit P-1, a written statement by Dr. J. W. Faulk, Sr., provides:
“This is to certify that Jules Hebert of Crowley, Louisiana was under my treatment from May 23, 1961 to June 23, 1961 for injuries sustained at about 12:12 on May 23, 1961.
“He suffered bruises of left forearm, abrasions of right arm, abrasions of right knee and right ankle, bruises and contusions of abdomen, whiplash of neck, and rupture of left ear drum.”
The above statement by Dr. Faulk is the only medical testimony in the record. Furthermore, defendant has in no way at *66 tempted to rebut this evidence. Accordingly, we must accept this account of plaintiff’s injuries as true. Counsel for plaintiff has asked this court to award plaintiff judgment in the vicinity of $2,500 for these injuries. We are of the opinion that plaintiff is entitled to at least this amount. See Cassreino v. Brown, La.App., 144 So.2d 608 and cases cited therein.
For the reasons assigned herein, the judgment of the trial court is reversed, and accordingly, judgment is rendered in favor of plaintiff and against defendant in the amount of $2,945; defendant to pay all costs of this appeal and of these proceedings.
Reversed and rendered.