159 So.2d 763 (1964)
Raiford BALLARD et al., Plaintiffs-Appellees,
v.
NATIONAL INDEMNITY COMPANY OF OMAHA, NEBRASKA et al., Defendants-Appellants.
No. 1002.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1964.
Rehearing Denied February 6, 1964.
Writ Granted March 11, 1964.
*764 Love & Hodges, by Lloyd F. Love, Ferriday, for defendants-appellants.
Falkenheiner & Calhoun, by W. C. Falkenheiner, Vidalia, for plaintiffs-appellees.
EN BANC.
SAVOY, Judge.
This is a personal injury suit. The trial court rendered judgment in favor of the plaintiffs. Defendants have appealed, attempting to reduce alleged excessive awards. Hence, the sole question before us is quantum.
Consolidated with this suit is a suit arising out of the same accident, Craft v. National Indemnity Co. et al., 159 So.2d 770. Since the questions involved in both appeals are similar, we will review both awards in the present opinion, although we will render a separate decree in the companion suit.
On the afternoon of December 9, 1961, plaintiff, Adrienne Craft Ballard, was driving her automobile on U. S. Highway 84 between Vidalia and Ferriday, Louisiana. Her mother, plaintiff, Florence K. Craft, was a passenger in the automobile. As Mrs. Ballard slowed down to make a right-hand turn, defendant, Lois Gentsch, struck the Ballard automobile from the rear. Both Mrs. Ballard and Mrs. Craft sustained whiplash injuries. Suit was brought by Adrienne Ballard and her husband, and by Florence Craft, against defendant, Lois Gentsch, and her insurer, National Indemnity Company of Omaha, Nebraska. The trial court rendered a judgment in favor of Mr. Ballard in the amount of $161.40, $147.90 for damage to the Ballard automobile, and $13.50 for medical expenses for his wife. Mrs. Ballard was awarded $1,500.00 for pain, suffering and shock. Mrs. Craft was awarded $4,935.90, $4,500.00 for pain, suffering and shock, and $435.90 for medical expenses.
Defendants contend that the awards to both Mrs. Ballard and Mrs. Craft for pain, suffering and shock were excessive. Defendants further contend that the award to Mr. Ballard for repair of the automobile should be reduced to $140.97.
Since the only matter before this Court is that of quantum, we will discuss the injuries received by Mrs. Florence K. Craft and Mrs. Adrienne Craft Ballard, respectively.

MRS. FLORENCE K. CRAFT
Mrs. Craft was treated by her family physician, Dr. L. P. Coleman, and examined by Dr. Jack H. Phillips, a specialist in the field of orthopedic surgery. Immediately after the accident Mrs. Craft was hospitalized for two weeks and was treated by Dr. Coleman. He prescribed drugs for pain, muscle relaxants and traction. She was last seen by Dr. Coleman about three weeks after she left the hospital.
At the trial of the case, Dr. Coleman stated he was of the opinion that her pre-existing arthritis (she is a lady in her late fifties) would get worse, but he did not know whether this disease would progress faster because of the whiplash injury.
*765 Dr. Phillips' testimony was taken by deposition. He testified that he examined Mrs. Craft about 3½ months after the accident, at the request of the defendant insurer. He stated he found no muscle spasm, but that he did find a little flattening of the curve in the spine which indicated to him that she had had a strain of the neck muscles, instead of a sprain. Dr. Phillips explained that a strain would not involve tearing of the muscles whereas a sprain would. He classified this whiplash as moderate and his prognosis was that she would recover in about three months after he saw her, which would mean that she would recover within seven months after the accident.
As stated before, the trial judge awarded Mrs. Craft the sum of $4,500.00 for pain and suffering. This Court is of the opinion that the award made by the trial judge is all out of proportion with previous awards made for somewhat similar injuries, and is hereby reduced to the sum of $2,500.00. Gaspard v. LeMaire, La., 158 So.2d 149.

MRS. ADRIENNE CRAFT BALLARD
On the day of the accident Mrs. Ballard was seen by Dr. L. P. Coleman, of Ferriday. She complained of soreness in her neck. Dr. Coleman prescribed muscle relaxants.
According to Mrs. Ballard's own testimony, this soreness in her neck lasted only four or five days. Her husband testified he could not remember exactly, but he thought the soreness could have lasted a week or two.
Thus, according to plaintiff's own testimony, and that of her husband, she suffered soreness of the neck for only a week or two. There is no evidence that she even took medication for pain. Certainly her injuries were very minor.
The trial judge awarded Mrs. Ballard the sum of $1,500.00 for pain and suffering. This Court is of the opinion that the award all out of proportion with previous awards made for somewhat similar injuries, and, accordingly, the award made by the trial court is reduced from the sum of $1,500.00 to the sum of $750.00. Gaspard v. LeMaire, La., 158 So.2d 149.
For the reasons assigned, the judgment of the district court awarding Mrs. Adrienne Craft Ballard the sum of $1,500.00 for pain and suffering, is amended by reducing same to $750.00. In all other respects the judgment is affirmed. Costs of this appeal are assessed against plaintiff.
Amended and affirmed.
Tate, J., dissents and assigns written reasons.
FRUGÉ, J., dissents on quantum and assigns written reasons.
En Banc.
TATE, Judge (dissenting).
The writer respectfully dissents from the action of the majority in reducing the awards of general damages in this and in the companion case, Craft v. National Indemnity Company, 159 So.2d 770.
At the time these companion appeals were first argued before this court, the Supreme Court had not yet rendered its decision on rehearing in Gaspard v. LeMaire, La., 158 So.2d 149 (1963). Following rendition of Gaspard v. LeMaire, this court ordered a reargument with especial reference to the effect of the Gaspard holding on the question involved in the present consolidated appeals.
After this reargument, the majority herein has proceeded in these appeals to reduce the general damages just as if the Supreme Court had never rendered Gaspard v. LeMaire and its admonition against tinkering by appellate courts with trial awards within the trial court's large discretion in such matters.
The question in this court, as raised by the parties before Gaspard v. LeMaire, *766 was whether or not the present awards were uniform with those for other whiplash injuries according to the classification in Cassreino v. Brown, La.App. 4 Cir., 144 So. 2d 608, 611, cited to us by both parties:
"(1) Awards in excess of $5000 are common for those producing permanent disability or severe pain of prolonged duration. * * * [Citations omitted]
"(2) Awards in the area of $2500-$3500 are common for those producing severe initial pain and with however only a short period of residual discomfort, or for those producing less severe pain but a relatively long period (e. g., a year or two) of residual discomfort or disability. * * * [Citations omitted]
"(3) Awards in lower amounts for whiplash injuries producing moderate or slight pain, which are cured without residual in a matter of weeks. * * * [Citations omitted]."
The majority has proceeded to reduce the present awards as not uniform with those in Cassreino v. Brown, just the same as it would have done had the Supreme Court never rendered Gaspard v. LeMaire.
The difference in the majority's approach now, as compared with pre-Gaspard, is only that the majority did not cite Cassreino v. Brown or any other allegedly comparable awardthe majority simply states, without any citation or comparison of authority, that the trial court awards herein are all out of proportion with previous awards made for somewhat similar injuries. The majority then arbitrarily reduces the present awards to lower figures picked out of the air, so far as the opinion shows.
The majority thus has paid lip-service to Gaspard v. LeMaire, but it has arbitrarily ignored its holding. The majority has followed the approach of the court in Cassreino v. Brown, a decision which the Supreme Court expressly disapproved in Gaspard v. LeMaire, see footnote 1.
In the Gaspard case, the Supreme Court plainly disapproved actions such as the present, where awards are raised or reduced solely because they are not uniform with awards made for somewhat similar injuries. The court there stated:
"As we now view the matter, entirely too much emphasis has been given to the goal of uniformity of awards for similar injuries, the appellate courts' role in maintaining this uniformity has been extended too far, and adjudicated cases have been given too much weight in the appellate courts' determination of the adequacy or inadequacy of awards. * * * [However], each case is different, and the adequacy or inadequacy of the award should be determined by the facts and circumstances peculiar to the case under consideration. The primary purpose of the judge or the jury in fixing the award in a personal injury case is to adequately compensate the injured person for his injury under the facts shown to exist in his case.
"This overemphasis of uniformity of awards has resulted from the failure of the appellate courts to observe and follow the basic law as found in our Civil Code in their review of the amount of awards in personal injury cases * * * [which provides that] `much discretion must be left to the judge or jury * * *.' La.Civ.Code Art. 1934(3). [Italics by the Supreme Court.]
"The primary question before the appellate court, then, is whether the judge or the jury in fixing the amount of the award has abused this great discretion vested in them by law. If for the purpose of uniformity the amount of the award is to be determined and fixed within certain limitsa maximum and a minimum based on prior adjudicated cases, the discretion vested by the Code in the judge or the jury may be destroyed or at least stringently curtailed. In view of our codal provision, the *767 appellate courts should consider the amounts of awards in other cases only so far as they are relevant to the question of whether the judge or the jury has abused its discretion in fixing the award in the case under consideration."
Let us now look to the individual awards herein:
Craft case:
The majority reduced the trial award of $4500 to the lesser sum of $2500. The majority relied upon the circumstances (1) that the lady in question had only five weeks of medical treatment (including two weeks of hospitalization) and (2) that a specialist (who examined her once, at the behest of the defendants and for purposes of litigation, 3½ months after the accident) opined that the lady would recover in an additional 3 months, or about 7 months after the accident. It is obvious that, on the basis of this evidence, the majority, without saying so, classified this injury as within category 2 of Cassreino v. Brown, see above.
What this approach completely overlooks is that, as the Supreme Court stated in Gaspard, "* * * cases relied upon may be similar in that each of them involves a similar injury * * *. Thereafter, however, the similarity ceases for each case is different, and the adequacy or inadequacy of the award should be determined by the facts and circumstances peculiar to the case under consideration."
Thus, in the present case, this rather elderly lady was left in a state of severe and immediate pain, shock, and partial unconsciousness as a result of the sudden, unexpected, and rather severe impact. She experienced a great deal of pain during her two weeks' hospitalization. Although she suffered less pain thereafter, so that after three more weeks she ceased to need medical attention, her own testimony and that of others accepted by the trial court shows that she continued to suffer pain and discomfort as a result of the whiplash injury right up until the very day of the trial, some 16 months after the injury, with no end in sight.
This pain and suffering may not have been severe enough to require medical treatment. It is nevertheless compensable.
I see no warrant whatsoever for this appellate court to completely dismiss as irrevelant this substantial lay testimony that this lady continued to suffer pain and discomfort, believed by the trial court who saw and heard the witnesses.
The medical expert's speculation that she should recover in seven months is apparently relied upon to throw out this substantial sworn testimony accepted by the trial court. This expert examined the lady once three and one-half months after the accident, and he found her then still suffering pain, as verified by objective symptoms. His opinion that she should recover in another three months is at the best a guess. The Southern Reporter is full of instances where the guesses of these medical experts proved inaccurate in the after-event, just as the trial court found herein.
If the defendants had produced positive medical testimony indicating that the lady's complaints were unfounded at the time of medical examination, a different question might be presented. Likewise, the trial court could have relied upon such expert's medical guess in determining that Mrs. Craft actually recovered earlier than she and her witnesses stated; the trial court, which saw and heard Mrs. Craft and those witnesses and thus was in a position (which this court is not) to evaluate this medical prognostication in the light of Mrs. Craft's actual subsequent behaviour and symptoms and of her actual appearance and testimony at the trial.
I am aware of no rule of law which requires a plaintiff suffering pain to report periodically to a physician to register her complaints of pain, upon penalty of being denied recovery for pain she actually suffers without reporting regularly to the doctor. The continuing pain and discomfort *768 may not be severe enough to require medical treatment; it may be simply something one has to adjust to and live with, as in this case. It is nevertheless compensable.
Litigants should not be held to fictitious standards of behaviour just to supply proof in litigation. The "Plaintiff" or the "Defendant" of litigation is not an abstract symbol who must behave as if his only function were to serve in the statement of facts of a printed legal decision. He is a living human being. Just because he is involved in litigation, he should not be held to different requirements of behaviour than those of ordinary life.
In the present case, the majority has arbitrarily determined that Mrs. Craft did not suffer pain for more than seven months and that therefore the trial award is not uniform with those in Cassreino v. Brown. If the Supreme Court's forceful and plain language in Gaspard v. LeMaire means anything at all, it means that the present majority has flatly refused to follow the directive of Gaspard v. LeMaire and has usurped the trial court's function in the matter by both of these arbitrary conclusions.
In summary, the trial court awarded $4500 for this lady, who suffered an initially severe injury requiring two weeks' hospitalization, with a residual of pain and discomfort persisting through the trial some sixteen months later. I cannot see how the majority can say this award is an abuse of the trial court's discretion in the matter as grossly excessive as to require reduction, and as completely out of proportion with other awards made for awards which the majority may deem to seem somewhat similar in the abbreviated appellate reports.
Ballard case:
In reducing the trial award of $1500 to $750, the majority apparently felt such a lower award will be more uniform with those cited to support category 3 of Cassreino v. Brown, see above.
The majority overlooks testimony of Mrs. Ballard that she reported to a doctor for a month or six weeks for treatment, Tr. 48, and that, although the soreness soon disappeared, she continued to suffer from really bad headaches for about a month, Tr. 47-48. The defendant's specialist found that she had suffered from a mild to moderate whiplash, Tr. 21, not just an inconsequential shaking up as the majority opinion applies. This specialist found some slight objective residual some 3½ months after the accident, a flattening of the cervical spine. Tr. 70.
The testimony further indicates that Mrs. Ballard (the driver of the car in which her mother, the co-plaintiff Mrs. Craft, was injured), suffered more than usual nervousness and mental anxiety over the consequences of the accident.
Under all the circumstances of this injury, I do not see that the trial award, although a little high, is so manifestly or grossly excessive as to constitute an abuse of the trial court's large discretion to make an adequate award under all the peculiar circumstances in this case.
Conclusion.
In reducing the awards, the majority may claim to rely upon the langauge of the Supreme Court in Gaspard v. LeMaire that the use of awards in other cases is "only * * * relevant to the question of whether the judge or the jury has abused its discretion in fixing the award in the case under consideration."
This language, in my opinion, means that past awards serve roughly to indicate the outer limits of the trial court's discretion.
For instance, without them as a rough guide, courts starting anew each time would have as much reason to allow a million dollars for parents' grief and suffering and anguish over the loss of a child, as to allow five hundred dollars. However, neither arbitrary figure can be justified by logic or any immutable law of nature or mathematics, *769 for all the money in the world could not compensate a parent for such a loss.
Usually, however, awards of from six to fifteen thousand dollars are made for such a loss; and these past awards are thus useful as a rough guide to the trial court's discretion in trying to determine what is an award fair to all the parties under the particular facts of a particular case.
Nevertheless, under Gaspard v. LeMaire, these past awards would not justify increasing a $7500 award for such a loss to ten or fifteen thousand dollars, or reducing it to six thousandwithin a wide range, wider even than the limits of the past awards, the trial court must, under Gaspard and our Civil Code, have a large discretion in fixing the arbitrary monetary values for general damages which cannot be measured by logic or with mathematical exactitude. That is, past awards of themselves would not justify increasing or decreasing a given trial award just because the appellate court felt that the trial award was not uniform with these past awardsin addition, to justify a change in a trial award, the appellate court must be satisfied that there was an abuse of the trial court's large discretionary powers to fix the general damages at some more or less arbitrary sum, in the effort to do substantial justice between the particular parties to that suit under the factual circumstances peculiar to it.
The majority of this court has reduced the awards of general damages herein from $4500 to $2500 and from $1500 to $750 respectively, on the assumption that the trial awards were not uniform with those made for other whiplash awards requiring medical treatment for comparable periods of time. This is plainly prohibited by Gaspard v. LeMaire, especially where as here there is substantial evidence from which the trier of fact may reasonably have concluded that the present plaintiffs' subjective pain and mental anguish were of longer duration or more pronounced than those in the past decisions with which the majority has attempted to make the present awards "uniform".
By failing to cite these other awards upon which it relies, and by failing to explain in what specific regard the present trial awards are out of all proportion with other awards made for comparable injuries, the majority has evaded setting forth in black and white the plain conflict between the majority's approach in the present case and that required of an appellate court by the Supreme Court decision in Gaspard v. LeMaire. I cannot believe, however, that an arbitrary encroachment upon the large discretion in general awards of the trier of fact is justified by an appellate court when done without assigning any reason for the action, whereas it is prohibited only if the appellate opinion accomplishes the same result and for the same reason and by listing comparable awards as in Cassreino v. Brown (which decision the Supreme Court specifically disapproved).
Although my brethren's refusal to follow Gaspard v. LeMaire is undoubtedly dictated by the most sincere and conscientious of motives, nevertheless lower courts of Louisiana are not free to disregard rulings of our highest state court just because, as individuals, the lower judges may not agree with the rulings.
For the reasons assigned, I respectfully dissent from the action of my esteemed brethren in refusing to apply to this case the holding of our Louisiana Supreme Court in Gaspard v. LeMaire.
FRUGÉ, Judge (dissenting).
I respectfully dissent from the majority's reducing the awards made by the trial court in these cases.
In the recent case of Gaspard v. LeMaire, La., 158 So.2d 149 (On Rehearing), the Supreme Court stated as follows: "In this court and in the Courts of Appeal there are numerous cases in which awards made by the judge or the jury for personal injuries *770 have been reduced, or increased, solely for the purpose of maintaining uniformity of awards in personal injury cases. As we now view the matter, entirely too much emphasis has been given to the goal of uniformity of awards for similar injuries, the appellate courts' role in maintaining this uniformity has been extended too far, and adjudicated cases have been given too much weight in the appellate courts' determination of the adequacy or inadequacy of awards." The Supreme Court further stated that "each case is different, and the adequacy or inadequacy of the award should be determined by the facts and circumstances peculiar to the case under consideration." The Court also stated that "the appellate courts should consider the amounts of awards in other cases only so far as they are relevant to the question of whether the judge or the jury has abused its discretion in fixing the award in the case under consideration." The Court pointed out that this discretion resting in the trial judge or jury is great and should not be destroyed or stringently curtailed.
My view of the Gaspard case, supra, is that the trial judge or jury has great discretion in determining the amount of the award; appellate courts may overturn an award only when this discretion has been abused; and prior cases may be used only as a guide to determine whether or not this great discretion has been abused.
The following awards have been made or upheld by this Court in prior whiplash cases: $9,237.50 (Self v. Johnson, 124 So. 2d 324); $2,500 (Dowies v. Traders & General Ins. Co., 124 So.2d 610); $3,500 (Landry v. Southern Farm Bureau Cas. Ins. Co., 125 So.2d 474); $2,500 (Martin v. United States Fire Ins. Co., 129 So.2d 277); $3,000 (Hilton v. Bankers Fire & Marine Ins. Co., 134 So.2d 82); $4,000 (Dark v. Brinkman, 136 So.2d 463); $1,000 (Fontenot v. Snow, 149 So.2d 172); $1,500 (Grady v. Snow, 149 So.2d 175); $3,000 (Hickman v. Bawcom, 149 So.2d 178); $3,500 (Kennison v. Grain Dealers Mutual Ins. Co., 150 So.2d 657); $2,500 (Hebert v. Vige, 152 So.2d 64); $2,500 (Barras v. Fidelity & Cas. Co., 152 So.2d 74); $2,500 (White v. Robbins, 153 So.2d 165); $2,500 (West v. American Ins. Co., 155 So.2d 261).
I maintain that a review of the above cited cases shows that the trial court's awards of $4,500 and $1,500 in the present cases were well within the great discretionary power of the trial court under the Gaspard case, supra.
For the foregoing reasons I respectfully dissent.

On Application for Rehearing.
En Banc. Rehearing denied.
TATE, J., dissents from denial of rehearing.
FRUGÉ, J., believes a rehearing should be granted.