TATE, Judge
(dissenting from denial).
I respectfully dissent from the denial of rehearing. I feel the decision by my esteemed brethren of the majority is in plain conflict with the recent ruling of our Supreme Court in Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149. The writer subscribes entirely to the views expressed by Judge Frugé in his dissent to the original opinion.
In the instant case, the plaintiffs (who were engaged at the time and who later became married) sustained what can roughly be denoted as “whiplash” injuries. The trial jury awarded the plaintiff husband $8000, which the majority has reduced to $3000; the trial jury awarded the plaintiff wife $3000, which the majority reduced to $1500.
In making these reductions, the majority seems to have felt that they were out of proportion with the graduated scale of recovery for whiplash injuries summarized in Cassreino v. Brown, La.App. 4 Cir., 144 So. 2d 608, a decision which the Supreme Court expressly disapproved in Gaspard v. LeMaire.
In following the Cassreino v. Brown approach in the review of awards, the majority has violated the ruling of the Supreme Court in Gaspard v. LeMaire in the same manner as the majority did in Ballard v. National Indemnity Co., La.App., 159 So.2d 763 and in Craft v. National Indemnity Co., La.App., 159 So.2d 770, in both of which cases the Supreme Court granted writs of certiorari.
In Gaspard v. LeMaire, the Supreme Court specifically stated that, in view of the statutory provision granting the trier of fact discretion in the award of general damages, “the appellate courts should consider the amounts of awards in other cases only so far as they are relevant to the question of whether the (trial] judge or the jury has abused its discretion in fixing the award in the case under consideration.” 158 So.2d 158.
As the Supreme Court likewise observed, 158 So.2d 158, “each case is different, and the adequacy or inadequacy of the award should be determined by the facts and circumstances peculiar to the case under consideration.”
*184 In the case now before the court, there are various circumstances which were absent in the cases which the majority relied upon in reducing the present awards. These justified the trial jury in allowing the present plaintiffs a greater amount of damages than those in other “whiplash” cases which to the majority seemed roughly similar.
For instance, in the present case, prior to the accident, the plaintiffs were engaged to one another and were supposed to be married in mid-April, 1962. The accident on April 4th, and the subsequent hospitalizations, headaches, physiotherapy, etc., made it necessary for them to cancel their plans, and to postpone their marriage for five months. I am aware of no rule of law which holds that this five-month tort-caused postponement of what is perhaps the most important date within the lives of this young couple, is not compensable, as is the greatly increased mental turmoil, the resulting aggravation of the mental and physical suffering, which was caused by the disruption and destruction of what should otherwise have been one of the happiest periods of their lives.
Again, while it is true that the whiplash plaintiffs in the allegedly comparable cases suffered headaches, I have been unable to ascertain that any of them suffered as severe and as long-prolonged headaches as did the plaintiff husband herein, and over such an extended period of time; these most severe headaches continued right up to the trial, some fifteen months after the accident, and have recurred every two weeks or so, lasting day-long, sometimes even 16-18 hours each. Tr. 125.
In fact, the attending physician, who had the opportunity to observe the plaintiff over an extended period of time, and who thought that the patient’s complaints of headaches were genuine, concluded that, because of their severity over an extended period of time, these headaches resulted from a brain concussion sustained by the plaintiff in the accident, in addition to the other “whiplash” injuries proper. Tr. 214-220. In my opinion, the trial jury was free-to accept this medical and lay testimony of extended and painful residual, and did not commit manifest error in so doing, thereby completely disregarding the testimony of an orthopedist who examined the plaintiff for the defendant on one occasion nine months after the accident (six months before the trial), and who found no residual.
Although the majority apparently gave weight to this latter specialist testifying for the defendant, I do not believe it to be within the province of the appellate court to disregard the testimony of the attending physician, who found a genuine and prolonged residual and to accept instead the testimony of the defendant specialist who observed the plaintiff husband once, when the trial jury reached an opposite conclusion as to which testimony was more reliable — the trial jury, which saw both medical witnesses and which had the opportunity to evaluate their testimony in the light of the jury’s evaluation of the actual complaints and appearance and veracity of the injured plaintiffs.
These random observations are submitted in an attempt to point out the difference between the approach sanctioned by Gaspard v. LeMaire, which the dissenting judges of this court feel must be applied under the mandate of our Supreme Court, as compared with the now-disapproved Cassreino v. Brown approach, which the present majority follows. As stated perhaps over-fully in my dissent in Craft, 159 So.2d 763 at 765, the majority’s may be a commendable approach, and the majority is no doubt very sincere and conscientious in failing to follow Gaspard v. LeMaire, under which general damages awarded by the trier of fact must not be tinkered with by appellate courts in a vain effort at uniformity, where there has been no abuse of discretion under the facts and circumstances of the particular case concerned.
There being no abuse of discretion in the award of damages by the trier of fact herein, under the particular circumstances and facts of this case, the majority has exceed *185 •ed its function of appellate review by tampering with the present awards of general •damages. I respectfully dissent, therefore, from the denial of the plaintiffs-appellees’ ■application for rehearing.