167 So.2d 205 (1964)
Thomas J. RUSK et ux., Plaintiffs-Appellees,
v.
ALLSTATE INSURANCE COMPANY et al., Defendants-Appellants.
No. 1205.
Court of Appeal of Louisiana, Third Circuit.
July 15, 1964.
Concurring Opinion July 17, 1964.
Rehearing Denied September 15, 1964.
Writ Refused October 26, 1964.
Stafford & Pitts, by John L. Pitts, Alexandria, for defendants-appellants.
Polk, Foote & Neblett, by Robert B. Neblett, Jr., Alexandria, for plaintiffs-appellees.
Before TATE, FRUGE, and HOOD, JJ.
FRUGÉ, Judge.
This suit results from an automobile accident which occurred on March 11, 1963, in Alexandria, Louisiana. The district court rendered a judgment in favor of plaintiffs in the amount of $3,537. From this judgment defendants appeal.
Defendants freely admit liability. They do contend, however, that the award was excessive and pray for a reduction.
Parties for both sides agree that plaintiff sustained a whiplash injury. The only matter in dispute is the severity of the whiplash injury. Plaintiff Lena Rusk maintains that she sustained a moderately severe injury and was still suffering from it at the time of the trial, some eleven months after *206 the accident. Defendants, on the other hand, contend that plaintiff sustained only a mild to moderate whiplash injury with no residual difficulty, calling for a reduction in the award to from $1,000 to $2,000.
The type of whiplash injury sustained by plaintiff is a question of fact which had to be decided by the trial judge after considering all the evidence.
Plaintiff testified that she and her husband were stopped for a red light and all of a sudden their car was hit and her head received a great jerk and she experienced severe pain. She stated that her neck still hurts her periodically. Plaintiff's husband corroborated her testimony. Dr. Pearce, a general practitioner, who was the treating physician, testified that it was his opinion that plaintiff sustained a moderately severe whiplash injury.
Defendants' evidence consisted of a deposition by Dr. Banks, an orthopedic surgeon. He examined plaintiff on January 22, 1964, about ten months after the accident. He stated that he found no residual from the accident. He stated that the headaches of which plaintiff was complaining were not the type that is usually associated with neck injury.
We are mindful that "[g]enerally the testimony of an attending physician who examined and treated his patient over a period of time is entitled to more weight than that of the physician who has examined the patient only once and then not for purposes of treatment but simply in connection with litigation". Thomas v. Fidelity & Casualty Co. of New York, La.App. (4th Cir.), 136 So.2d 824, 827. It has also been established that "the testimony of a specialist in orthopedics as to an injury which falls within his field, is generally entitled to greater weight than that of a general practitioner." Harris v. Great American Indemnity Co., La.App. (3rd Cir.), 142 So.2d 594, 597. But these rules do not demand a finding one way or another; they only establish strong presumptions for the trier of fact to consider when making his conclusions. The trier of fact must make the finding as to the extent of disability after all the evidence has been introduced. See 32 C.J.S. Evidence § 572.
In the case before us, although the trial judge did not submit written reasons for his judgment, we are certain that he had all of the above factors in mind when he obviously reached the conclusion that the plaintiff herein had sustained a moderately severe whiplash. From my reading of the record I can find no manifest error in this conclusion. I would therefore affirm the trial judge's finding if left to me. However, this court, by a majority, early adopted the policy of uniformity with respect to awards in whiplash injuries, and pursuant thereto the majority have determined that under the evidence in this case the award should be $1,000. Accordingly, I accede to the ruling of the majority and amend the judgment.
For the foregoing reasons the judgment of the district court is amended by reducing the award of $3,500 to $1,000, and in every other respect is affirmed. Defendant is assessed costs of this appeal.
Amended and affirmed.
TATE, J., dissents in part and assigns written reasons.
HOOD, J., concurs and assigns written reasons.
TATE, Judge (dissenting in part).
I dissent insofar as the majority opinion reduced the general award of $3,500 for whiplash injuries to $1,000, in order allegedly to be uniform with awards made for allegedly similar whiplash injuries according to the scale set forth in Cassreino v. Brown, La.App. 4 Cir., 144 So.2d 608.
The organ of the court (who subscribed to the opinion of the majority only in order *207 to expedite decision of this matter) and myself, both believe that this approach to appellate review has been plainly and specifically disapproved by the Supreme Court in its recent landmark decision of Gaspard v. LeMaire, 245 La. 239, 158 So. 2d 149.
The Supreme Court there specifically noted that in the past the appellate courts have given too much emphasis to the mirage-like goal of uniformity, and that the legislature has given the trial court much discretion in the award of general damages, which should not be disturbed on review in the absence of an abuse of discretion. The Supreme Court noted that "the adequacy or inadequacy of the award should be determined by the facts and circumstances peculiar to the case under consideration."
Here, the plaintiff testified that she was still suffering from severe neck pains five to six hours in duration, at least twice a week, some eleven months after the accident, and her attending physician, a general practitioner, concluded that such was consistent with the initial whiplash injury for which he examined her. (This was in addition to two months of continuous daily neck suffering.) She also complained of headaches. As a result of her suffering, she has ceased to do steady part-time work as a baby sitter and nurse's aid at the hospital, which she did regularly prior to the accident.
I certainly cannot say an award of $3,500 for these injuries is manifestly excessive, even under the scale set forth in Cassreino v. Brown.
Likewise over the dissent of the judges presently disagreeing with its action, the majority has since Gaspard reduced whiplash awards for reasons similar to the present in Ballard v. National Indemnity Co., La.App., 159 So.2d 763, in Craft v. National Indemnity Co., La.App., 159 So.2d 770, and in Winfree v. Consolidated Underwriters, La.App., 164 So.2d 183; and in all of these cases the Supreme Court granted certiorari, presumably to review the refusal of the majority to follow and to apply Gaspard v. LeMaire.
It is the duty of inferior state courts to follow and to apply the precedents and rulings of higher state courts, whether or not the lower judges personally agree with the higher court. I therefore dissent from the refusal of the majority, however, sincere, to follow and to apply Gaspard v. LeMaire in the present case.
HOOD, Judge (concurring).
I concur in the result reached by the majority. I, however, do not agree with the statement contained in the majority opinion to the effect that this court has adopted a "policy of uniformity with respect to awards in whiplash injuries," and that the amount awarded in this case is being reduced pursuant to that policy. The adoption of such a policy, or the increase or reduction of the damages awarded simply to maintain uniformity of awards, clearly would be in conflict with the ruling of our Supreme Court in Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149.
My conclusion that the award in this case should be reduced is based on the fact that I consider it to be all out of proportion with previous awards made for somewhat similar injuries, and I think it is manifestly excessive under all of the circumstances of the present case. I did not arrive at that conclusion simply to maintain uniformity of awards for injuries of this type, and I do not feel that the majority in this case has failed to follow and to apply the precedents and rulings of our Supreme Court.
It has been held repeatedly, and I thoroughly agree, that the facts of each case are different, that the adequacy or inadequacy of an award should be determined by the facts and circumstances peculiar to the case under consideration, and that in the assessment of damages much discretion must be left to the judge or jury. In *208 my opinion, however, this does not mean that the reviewing court is powerless to modify an award made by the trial court when that award is manifestly excessive or is manifestly insufficient. The Supreme Court has specifically indicated that the contrary is true.
In Gaspard v. LeMaire, supra, the Supreme Court said:
"In view of our codal provision, the appellate courts should consider the amounts of awards in other cases only so far as they are relevant to the question of whether the judge or the jury has abused its discretion in fixing the award in the case under consideration."
And further, the Court in the Gaspard case, quoting with approval from White v. Robbins, La.App., 153 So.2d 165, a decision rendered by our own court, held:
"It is true that awards made should not be all out of proportion with previous awards made for somewhat similar injuries. * * *

"The function of the reviewing court is simply to determine whether the present trial court award is manifestly excessive or manifestly insufficient under all the circumstances of the present case." (Emphasis added)
In the instant suit the evidence indicates to me that the injury which Mrs. Rusk sustained was of an extremely minor nature. Although she testified that she has suffered severe neck pains at least twice a week since the time of the accident, the only two doctors who examined or treated her have been unable to find any contusions, muscle spasm, limitation of motion or other signs to indicate that she sustained an injury or that there was any cause for such pain. Plaintiff has never been hospitalized, she has never been confined to bed, she has never worn a brace of any kind, and she has sought medical attention on not more than four occasions since the accident occurred.
She consulted Dr. M. B. Pearce, a general practitioner, a few hours after the accident occurred, complaining of soreness at the level of the first and second cervical vertebra. An X-ray and clinical examination made by the doctor at that time revealed no contusions, no muscle spasm, no limitation of motion or any other evidence of injury. Apparently because of her subjective complaints of pain, however, the doctor diagnosed her condition as a "moderately severe sprain of the neck," and he prescribed a sedative and muscle relaxant for her. She made a second visit to Dr. Pearce about two weeks later, on March 27, with substantially the same complaints, and the examination made by him at that time also resulted in completely negative findings as to injury or disability. Plaintiff made a third visit to Dr. Pearce about four months later, on July 31, complaining that "she continued to have some soreness in the neck and mostly on the right side of the neck." The findings again were completely negative, but nevertheless because of her complaints medication for pain and muscle soreness was prescribed. Plaintiff did not see Dr. Pearce again until February 10, 1964, which was the day before the trial, and that visit obviously was made in preparation for the trial. Dr. Pearce testified that on this last visit, "she was complaining at this time mostly of headaches," although she also complained that the back of her neck was sore. Again the findings were negative as to pain or injury. When asked whether plaintiff's complaints were consistent with a history of having sustained a severe whiplash injury eleven months earlier, he explained, "I thought that the neck disturbance was, but not the headaches."
Dr. T. E. Banks, an orthopedic surgeon, examined plaintiff on January 22, 1964, about ten months after the accident occurred. At that time she complained "primarily of headaches," but she also complained of occasional discomfort in the mid-thoracic, or chest, area. An X-ray and clinical examination made by Dr. *209 Banks was negative as to injury to the neck, and he concluded that she had no residuals from the accident. The doctor testified that if she had the headaches of which she complained, then "this lady was not suffering from the type of headache that is, or can be associated with a cervical spine injury."
Considering the very minor nature of Mrs. Rusk's injury, and all of the facts and circumstances presented in this case, I am convinced that the award made by the trial court is all out of proportion to awards made for somewhat similar injuries and that it is manifestly excessive. For that reason I concur in the judgment reducing the award to a figure which I think adequately compensates her for her injury.

On Application for Rehearing.
Rehearing denied.
TATE, J., dissents from the denial of rehearing.
CULPEPPER, J., recused.