GLADNEY, Judge.
This is a suit for damages arising from an automobile accident which occurred on July 10, 1966 near the intersection of Douglas Street and Benton Road in Bossier City, Louisiana, involving an automobile driven by Gary Wayne Upshaw, and an automobile owned by Nortech Construction Company operated by its employee, Clarence L. Madden. Nortech Construction Company, Madden and the insurer of the Nortech vehicle, U. S. Fire Insurance Company, are named defendants. The trial judge rendered judgment in favor of Upshaw in the amounts of $2,500 for pain and suffering, $236 for medical expenses, and $100 for damage to his automobile. The defendants have neither appealed nor answered plaintiff’s appeal, and the only issue before this court is the adequacy of the $2,500 awarded by the trial court for pain and suffering.
The collision occurred when Upshaw’s car, traveling south on the Benton Road, was struck by the automobile driven by Madden, who was attempting to make a left turn into Douglas Street. Both cars sustained substantial damage. Upshaw re *528 ceived injuries including cuts, abrasions and bruises but was not hospitalized.
Two days after the accident plaintiff visited Dr. Deraid G. Kellett complaining of pain in the left shoulder, left upper thigh and back. Following a general physical examination the doctor administered sedatives and his findings included a compression fracture of the L-l vertebra. He concluded that Upshaw by reason of the compression fracture would have permanent partial disability of ten to fifteen per cent of the body as a whole. On August 16 the patient was referred by Dr. Kellett to Dr. Don Burt, an orthopedic specialist. Dr. Burt testified that the only treatment he advocated was rest and to avoid heavy lifting and bending. Upshaw returned for two more visits, the last being on November 11, 1966, four months after the accident. Dr. Burt testified that Upshaw had sustained a compression fracture of T-12 and L-1 vertebrae. Based on a booklet of recommendations of the American Academy of Orthopedic Surgeons for anterior wedging of a lumbar vertebra of less than twenty-five per cent, Dr. Burt assigned to Upshaw a permanent partial disability of fifteen per cent of the body as a whole.
Both doctors were of the opinion that Upshaw could perform his job without any trouble and could carry on a daily routine without difficulty except for occasional pain and stiffness in the back. Doctor Burt testified that his diagnosis of a permanent partial disability rating of fifteen per cent of the body as a whole is a minimal rating of disability resulting primarily from the altered structure of the vertebra. Dr. Kel-lett testified it was his customary procedure to give the rating to one who had sustained a fracture of ten to fifteen per cent disability even though the fracture had healed.
Counsel for plaintiff-appellant cites the following cases as an indication of awards for pain and suffering in related injuries: Norwood v. Burford, La.App., 83 So.2d 570 (2nd Cir.1955) ; Marcantel v. Southern Farm Bureau Casualty Insurance Company, La.App., 102 So.2d 879 (1st Cir. 1958); Steadman v. American Fidelity & Casualty Company, La.App., 113 So.2d 489 (2nd Cir. 1959); Blanchard v. Hardware Mutual Casualty Company, La.App., 153 So.2d 517 (1st Cir.1963); Ward v. State Farm Mutual Automobile Insurance Company, La. App., 182 So.2d 130 (4th Cir.1966). We find the above citations are inapposite and deal with injuries of a more serious nature. In the present case the plaintiff was not operated on, was not hospitalized, was not required to wear a brace, and did not lose any wages. He was substantially free from pain and disability within four months after the accident.
The trial court’s award of $2,500 for pain and suffering in our opinion was neither excessive nor inadequate. Likewise we find no error in the court’s award for expert witnesses’ fees.
Therefore the judgment of the trial court is affirmed at appellant’s cost.