HEARD, Judge.
This is an appeal from a personal injury and property damage action arising from a collision between a 1964 Dodge Dart and a tractor-trailer truck. Mrs. Gladys Robinson, owner of the Dart, and her guest passenger, Mrs. Cynthia Hammontree Davis, collided with a truck leased to Melton Truck Lines, Inc., and being driven by Melton’s employee, Clemmie Dan Harris.
The accident occurred on Louisiana Highway No. 7 two-tenths of a mile south of Minden at 5:40 P.M. on December 9, 1967. Visibility was hampered by darkness and a misting rain. The collision site is 180 to 190 feet south of a gentle curve to the right, on a slight upgrade. On the right side of the road is a Robo-Wash car wash. The lot serving the Robo-Wash begins at a point immediately past the end of the curve.
The police report stated that Clemmie Dan Harris had been going south on Highway 7 intending to travel north. When he discovered his error he pulled into the Robo-Wash lot so that he could turn north. The highway at that point consisted of four lanes of asphalt, separated at the center by a raised concrete divider. There was no break in the median to allow Harris to cross the highway.
Mrs. Robinson was traveling south in the right lane behind two or three other cars. As the cars came out of the curve the cars ahead of the Robinson vehicle began pulling into the Robo-Wash parking lot. Mrs. Robinson shifted her car into second gear and began to turn into the left lane. According to Mrs. Robinson after checking her rearview mirror in turning into the left lane, she looked back in front of her and saw the truck thirty feet ahead. She stated that she had not seen the truck before she began her turning maneuver and was unable to take any evasive action, but that she did apply her brakes. The Dodge struck the trailer approximately in the center, demolishing the car and injuring the occupants.
Mrs, Robinson and Mrs. Davis filed suit for their personal injuries and property damage against Melton Truck Lines, its insurer, Transport Insurance Company, and Clemmie Dan Harris. The parties stipulated that the coverage of the policy was in excess of the amount sued for. Melton answered with a general denial and an alternate plea of contributory negligence on the part of Mrs. Robinson. It was the finding of the trial judge that Harris was guilty of negligence in driving his truck across all four lanes of Highway 7, and in his opinion, stated that it was not seriously argued by counsel that he was not guilty of negligence and found also that Mrs. Robinson was guilty of contributory negligence for the reason she did not have her car under control within the range of her headlights and was not keeping a proper lookout. Mrs. Davis was not affected by Mrs. Robinson’s contributory negligence and was awarded $2,056.06 for her damages and personal injuries. Both plaintiffs have appealed.
We find that the trial judge was in error in his finding of contributory negligence. We have the benefit of only three witnesses’ testimony: Mrs. Robinson, Mrs. Davis and State Trooper Wiggins. Mrs. Robinson stated she never exceeded the speed of thirty miles per hour and that she never saw the truck until after she had completed switching lanes. Mrs. Davis testified that she did not see the truck until after they had moved into the left lane and then the back wheels of the cab were about to cross the median. Trooper Wiggins testified that he found no visible skid marks on the highway and that the side lights of the truck were not burning. From the facts available in the record, we hold that *707 Clemmie Dan Harris was grossly negligent in pulling his tractor-trailer unit across all of the southbound lanes of a divided highway at night and in the face of oncoming traffic, and that this negligence was the sole and proximate cause of the accident.
It is manifestly erroneous to say that Mrs. Robinson was contributorily negligent because she switched from the right to the left lanes of a divided highway and in so doing checked her rear view mirror for traffic in her rear. Act 608 of 1970 enacted to amend LSA-R.S. 32:71 (1968) requires vehicles moving at less than normal speed to travel in the right hand lane of a divided highway, logically leaving the left lane for faster traffic. Thus, Mrs. Robinson was justified in moving to the faster left hand lane in proceeding to her destination. In making her move into the left lane she would have been imprudent had she failed to check her rear view mirror before turning. Byrnes v. Bostick, 214 So.2d 179 (La.App., 4th Cir. 1968) writs refused, 253 La. 58, 216 So.2d 306 (1968). Further, a motorist is not charged with a duty of guarding against striking an unexpected or unusual obstruction which he had no reason to anticipate he would encounter on the highway. Vowell v. Manufacturers Casualty Insurance Company, 229 La. 796, 86 So.2d 909 (1956); Fairfax v. American Casualty Company, of Reading, Pennsylvania, 236 So.2d 243 (La.App.3d Cir. 1970).
The facts in the record are insufficient to support a finding of contributory negligence on the part of Mrs. Robinson. Contributory negligence is a special defense and the defendant carries the burden of establishing it by a preponderance of the evidence. Theunissen v. Guidry, 244 La. 631, 153 So.2d 869 (1963). Clemmie Dan Harris is the only witness who could have shed any light on the issue, and he was not called to the stand nor was his deposition taken. No explanation was made for his absence. We can only pre-
sume from his absence that any statement Harris would have made would have been detrimental to his case. Ruthardt v. Ten-nant, 252 La. 1041, 215 So.2d 805 (1968).
On impact Mrs. Robinson was thrown into the steering wheel of the automobile causing fractures of the 7th and 8th ribs, a compressed 11th dorsal vertebra, strained neck and shoulder muscles and bruises and contusions of her face and chest. She further contended she suffered an enlarged heart from the collision and great mental anguish from her anxiety caused by a previous heart condition. She asked for damages in the amount of $10,-000. Although there is some evidence to support her plea, on a careful examination of the evidence we are convinced that she only suffered from the two broken ribs, the compressed vertebra and muscle strain. We find that the enlarged heart was within normal limits and not causally related to this collision. We are of the opinion Mrs. Robinson would be adequately compensated with the sum of $3,000. Rusk v. Allstate Insurance Company, 167 So.2d 205 (La. App., 3d Cir. 1964) ; Jackson v. Indiana Lumbermen’s Mutual Insurance Company, 175 So.2d 349 (La.App., 2d Cir. 1965); and Upshaw v. Madden, 209 So.2d 527 (La.App., 2d Cir. 1968).
Mrs. Robinson asked for medical and special damages in the amount of $3,330.50. She has proved only $3,062.50 of this amount, and we award judgment for the following:
Cosmetic supplies lost or destroyed $ 317.32
Ambulance and wrecker charges 50.00
Lost wearing apparel 59.80
Watch and eyeglass repair 61.48
Auto salvage 950.00
Total $1,438.60
Minden Sanitarium 961.90
Dr. C. S. Sentel I 559.50
Dr. Harold R. Brewster 41.00
Medicine and drugs 61.50
$1,623.90
*708 Mrs. Davis contends that the award of $2,056.06 is manifestly inadequate. Her head struck the windshield at the time of impact and she had glass all over her head, in her face and in one eyelid. Shortly after the accident she was removed to the Min-den Sanitarium where she remained 11 days under the care of Dr. C. M. Baker. She stated that she is nervous and has headaches as a result of the accident. Dr. Baker testified that he examined -Mrs. Davis in the emergency room on December 9, 1967 and at that time her face was bloody, she was very nervous and in sharp pain; that she had a cut on her eyelid which he sutured; that she had bruises on her face, chest and leg. Her neck and upper part of her back was sore and she was in shock. He kept her in the hospital generally for observation. X-rays were negative as to fractures and dislocations and she only had a cervical sprain in her neck. The cut on her eyelid healed without visible scarring. He continued to see her at irregular intervals for a few days to a week or two for two or three months after she left the hospital. He saw Mrs. Davis on June 18, 1968 and the last time in February, 1969 when she stated her headaches were less frequent and not so severe.
The trial court made an award of $1,500 for her pain and suffering. We find no manifest error in this award.
Therefore, the judgment of the district court is reversed in part and there is judgment in favor of Mrs. Gladys Robinson and against Clemmie Dan Harris, Melton Truck Lines, Inc., and Transport Insurance Company in solido in the full sum of Six Thousand Sixty-Two and 50/100 ($6,062.-50) Dollars, with legal interest thereon from judicial demand until paid.
The judgment awarded Mrs. Cynthia Hammontree Davis by the District Court is affirmed; appellees to pay all costs.